The Court, PARRISH J.: Held that the decree was not void on account of the omission in the bill to state the residence, the petitioner having shown in her petition that she was at the time the bill was filed, and had been ever since, a resident of Grand Rapids.

McCormick vs. Sullivant, 10 Wheat., 192.

Kennedy vs. The Bank of Georgia, 8 How., 611, 612.*

An affidavit for publication, in cases of absent and concealed defendants, on information and belief, giving the *source* of information, is sufficient.

Pettiford vs. Zoellner, 45 Mich., 358.

It appeared that the defendant knew of the decree soon after it was rendered, and knew of the marriage of complainant. Yet she delayed the application to be heard in the case until more than six months after the marriage of the complainant, and more than a year after decree.

Application denied.

*C. C. Howell* for Petitioner.

*Turner* and *Carroll* for Complainant.

---

## Superior Court of Detroit.

### ANDREW ROSS vs. JEREMIAH CONNOR.

*Alias Execution—Levy on Real Estate.*

Plaintiff obtained a judgment against defendant, and, under an execution issued, the sheriff levied upon four lots situate in the city of Detroit, as the property

---

*" The proceedings are not void for want of an allegation of citizenship of the stockholders of the Bank. They were erroneous, but the amendment in this regard before final decree cured the error."— 8 How., 612.

of defendant, sold the same, plaintiff being the purchaser, and returned the *fi. fa.* wholly satisfied.

Defendant was aware of what was done, and in writing requested and obtained an adjournment of the sheriff's sale as advertised.

But after the sale defendant claimed that one lot sold was the homestead of defendant and his family.

Plaintiff quit claimed said lot to defendant, reserving in the deed all right to collect the balance thus left unpaid in the judgment, and then applied to the Court and obtained an alias *fi. fa.* for the amount bid at the sheriff's sale for the lot so quit claimed. It appeared that neither plaintiff's attorney nor the sheriff were at fault in the levy on the homestead.

Defendant moved to vacate the order granting the alias *fi. fa.* on several grounds. His counsel cited the following authorities :

1. Because the principle of *caveat emptor* applies to such sales.

> Hermann on Executions, Sec. 214, and cases cited.
> Moore vs. Aiken, 2 Hill (S. C.) 102.
> Weidler vs. Farmer's Bank of Lancaster, 11 S. & R., 134.
> Vattier vs. Lytte's Ex'es, 6 Ohio, 478.
> Baird vs. Rice, 1 Coll., 23,

2. Such alias writ cannot be granted on motion.

> Parker vs. Judge, Calhoun Circuit, 24 Mich., 408.
> Jennison vs. Haire, 29 Mich., 216.
> Brown vs. Thompson, Do., 75.

3. The purchaser of property at an execution sale is chargeable with notice of its value and situation, and of the legal rules bearing upon the situation.

> Morris, et al. vs. Robey, 73 Ill,, 462.

4. An alias execution cannot issue until the first is vacated upon the records.

Hermann on Ex., 242.   5 Ala., 89.

5. The correct procedure to vacate return of first execution as a basis for issuing an alias is by *scire facias* or by bill in equity.

Hughes vs. Streeter, 24 Ill., 648.

As defendant prevailed in the motion, we do not give the authorities cited by plaintiff's counsel on the argument.

The Court, CHIPMAN, J.: Granted the motion, but did not state the specific ground on which the decision was based.

(January, 1882.)

*Chas. B. Howell* for Plaintiff.

*Ovid N. Case* for Defendant.

---

## *Wayne Circuit.*

### Ex Parte Abraham George.

*Capias ad res—Habeas corpus—Courts Interfering with Tribunals of concurrent Jurisdiction.*

One court should not entertain questions arising in another court of equal and concurrent jurisdiction.

George petitioned the Wayne Circuit for release on writ of *habeas corpus.* He had been arrested on a writ of *capias ad res.*, issued in and of the Superior Court, the Judge of that court—Cochrane—having endorsed on said writ an order to hold defendant George to bail.

C L. 1871, secs. 5736 and 5737.

Afterwards Judge Cochrane over-ruled a motion to admit George to common bail.